Okay. With a lawyer's approach who are going to argue the case, you know, we're going to be strict with the time limits today because we have time restrictions, so you'll at least have 15 minutes. You'll have to reserve some time for rebuttal. This will be for everybody to hear this. Okay. All right. Introduce yourself. Good morning, Your Honors. I sign a motion to assist the State's Attorney on behalf of the Appalachian Contemporary, Tom Darper, Sheriff of Cook County. Good morning, Judge Timothy Sprague. On behalf of SKS & Associates, the appellee. Okay. Please proceed. Thank you. May it please the Court. Again, my name is Sanya Mushakich, Assistant State's Attorney here on behalf of Thomas Darper, Sheriff of Cook County, and we are the Appalachian Contemporary in this case. With regards to the jurisdiction, Your Honors, this Court does have a jurisdiction. Timely notice of appeal was filed. In fact, two timely notices of appeal have been filed. Well, let's get to the heart of the matter. We've read everything. Okay. We only want to know something other than what's in your brief, if you have anything to tell us about it. Yes, Your Honor. Essentially, what we did argue in our brief, we presented six issues for review, and out of the six issues for review, the first issue has essentially been conceded by the appellee, and that issue involves whether or not there has been a valid civil order of contempt entered in this case. And the appellee, outright in their brief, agreed with us that, in fact, there is no valid civil contempt order, which then boils the issue down to whether or not we are dealing with a valid criminal contempt order that was entered against the sheriff. And we propose that that is not the case. And, in fact, we propose that what the appellee or SPS sought to do is basically, or now is trying to do, is to convert a wholly inadequate, wholly deficient, facially deficient civil contempt order into somehow a valid criminal contempt without any of the prerequisites such as due process or other formalities having been established in this case. As we all know, a criminal contempt proceeding is an entirely different proceeding from a merely civil contempt case. Will you agree this was indirect contempt? This was indirect, correct. With regards to whether or not it was criminal, parties apparently agree that the order of contempt that was entered ended up, sort of by default, being a criminal contempt order, and that is based simply on the nature of the contempt, that it's punitive, that it's not coercive, it occurred after. Let me ask you this. If a judge enters an order and calls it indirect civil contempt, and it's not, it's criminal contempt at best, what does that do to the order? Your Honor, the case was clear that a mere label on the order itself is not controlling, and that was explored in our brief, so we would agree with that proposition. However, what is controlling is the nature of the remedy that was both sought and granted. The remedy, as we know in this case, was a $1,400 fine, which was assessed against the sheriff. We also know that the remedy was entered into after, in fact, sheriff fully complied with enforcing the order for possession. So, again, that points to the nature of the contempt being punitive and not coercive because the, obviously, the possession dissolved, sheriff effectuated that. So, there can be no other purpose or nature for establishing or ordering contempt against the sheriff other than it being punitive. That brings us back to the originating document that we need to look at to see whether or not the procedures and safeguards and formalities and due process has been followed in this case. If we look at the charging document itself, it is civil in nature. It is a petition to, it's a motion to hold the sheriff in contempt of court for failing to evict. It's a mere motion. This is not a verified petition. No summons were ever served in the case. Furthermore, the remedy sought within the petition itself, within the motion for contempt, is civil. In fact, it states, Wherefore, your petition respectfully requests that this honorable court hold sheriff in civil contempt of court for failing to evict, enforce the eviction order, and for any such other relief that this court deems fit and proper. So, although the label on the order itself is not controlling, wherein the judge might say civil or criminal, the charging document itself does specifically state that this is a civil contempt motion. And the case file that was cited to show that the label on the order itself is not controlling only takes into account the order itself and not the charging document that started this procedure. Well, they're admitting that it's a criminal contempt, so we don't have to go back and forth and talk about whether it was punitive or not. It's punitive, and they admit that it was a criminal contempt. The question is, what are the due process implications of the way this charging document was drafted and served? So, what are the due process implications? Correct, Your Honor. Again, the motion was, it was a simple motion to hold the sheriff in contempt of court. The remedy sought civil. I think he's asking you to just tell us what's missing. What is missing is that summons was not served. Furthermore, the order of contempt did not state that it found the sheriff in contempt of court beyond a reasonable doubt, which is the standard of proof. Why we believe the motion itself is significant is because the motion itself establishes burden shifting, which is not allowed in criminal contempt. The burden of proof always remains with the party seeking contempt, whereas the way that the proceedings transpired was that the burden shifted on the sheriff to show cause as to why sheriff didn't evict. Again, that's a tally. I think you're going down the wrong road. Does a court need a motion to hold somebody in criminal contempt? Your Honor, there needs to be a petition for criminal contempt. There is. If you start screaming and yelling in this courtroom, do you think I'm going to wait for a petition? Correct. However, this was indirect contempt of court. And in a situation where the conduct that was wrongful occurred outside of the presence of the court, then there is case law that states that a petition was needed. I said there were not even witnesses under oath in this case if it is an indirect criminal contempt. The sheriff wasn't allowed to put their witnesses under oath. That is correct. And the counselor simply presented evidence without any objection of hearsay from the other party. The sheriff wasn't afforded an opportunity to answer a charge in writing, not afforded an opportunity to call witnesses. There was no trial by jury. All right, let me make a suggestion to you. Why don't you sit down and save your time for rebuttal. Let's hear from the witnesses. Thank you. Good morning, Your Honors. Timothy Sprague on behalf of SKS. Let me ask you this question right off the bat. What did the sheriff do so bad that he should be held in contempt of court? The sheriff, not on one occasion, but on repeated occasions, knowingly violated court orders, both oral and written. Again, this is not simply one order. This is going back to August of 2009 until finally effectuating the order for possession in February of 2010. Wasn't there a cold problem in February? It was so cold that he couldn't execute it on that day because of the temperature. And the court found specifically that it was due to his own dilatory tactics, which led to him having to evict somebody in that cold weather. Again, the complaint was filed in May of 2009. The order for possession was entered in July and July 20th of 2009 stayed until August 10th of 2009. So there was plenty of time to evict in reasonable weather. And the court specifically ruled on that. I think the burden in this case, it's simply, the court would look at this in a light most favorable to the prosecution, in this case, SKS. How about the sheriff's procedural rights here for criminal? Absolutely. And those rights, we spell it out in our brief, it's simply that a charge be filed, that the right to file an answer or present evidence. Well, was he given the right to present evidence? He was not given the right to present evidence. If they wanted to call somebody and put them under oath and the judge said, don't put them under oath, just answer the question. But the judge never said that specifically, though. The judge never specifically said, I am not going to hear evidence. Did the judge put the witness under oath? No, again, she found it sufficient. Did she put the witness under oath? Your Honor, she did not. But again, this was not a situation in which. It was a criminal contempt. Indirect criminal contempt, yes. But a criminal contempt. Well, when did it turn from a civil contempt proceeding to a criminal contempt proceeding? Well, I think you could say from after the first couple of orders were not complied with, it became criminal at that point. But at the moment that the order was. If it became criminal at some unspecified time, when was the sheriff notified that he was now facing criminal contempt? I think in November 2nd of 2009 when the motion for contempt was filed. Well, the motion for contempt was filed by you and it was a rule to show cause asking for civil contempt. Well, he never specifically said civil. Well, it was a rule to show cause. It was a rule to show cause. And a rule to show cause says, sheriff, you should come forward and show us why you should not be held in contempt. Correct. So that puts the burden on the sheriff to show the court why he should not be held in criminal contempt. And the state's attorney says that that's an improper shifting of the burden in a criminal case. Because we all know that in a criminal case, the burden is on the prosecution to prove contempt in this case beyond a reasonable doubt, right? Yes, but, Your Honor, there was never any attempt. First of all, there was no case law to that effect that the sheriff cites. Secondly, there was never an attempt. Well, did you need case law to know that in a criminal case, the burden of proof is on the prosecution? I mean, isn't that the most basic understanding of criminal law? That is, Your Honor. So how can you say that he was told, well, let me backtrack. Isn't it a fact that he was served, well, actually not served isn't the right word, tendered a motion that said, come forward and show us why you shouldn't be held in contempt. That's what happened. Correct. But it never specified civil or criminal. Right. But it said, you, sheriff, have the burden of showing us why you should not be held in contempt. Correct. Which is a shifting of the burden of proof in a criminal case. That's correct, Your Honor, but it's completely consistent with the order that was entered on March 15th. March 15th, that order was, as we all agree, was explicitly punitive, explicitly consistent with the motion that was filed on behalf of SKS to hold the sheriff in contempt. Okay, where's the jury waiver? The jury waiver issue, this is a very important issue. The case that the sheriff cites did not, that simply meant that the fine was reduced to $500. The criminal contempt was upheld in that case, the very case that the sheriff cites, criminal contempt was upheld. That's a critical distinction. Where's the summons? There's no requirement in the case law that there must be a summons served. And, again, we, in our brief, we quote the case of People v. Havaris, People v. Waldron, which specifically says that the defendant or the sheriff in this case would have to have certain rights, basically the right to present their side of the case, to call witnesses, subpoena witnesses. They chose not to subpoena witnesses. The court never said that they're without that right. They chose not to subpoena witnesses. And the court was clear that they chose not to evict these tenants. If we get to the intent, the intent is unmistakable in this case. They specifically said, we divide the region into quadrants. This is what the court said. This case isn't about intent, it's about due process. Let me ask you this. Would you agree that the sheriff had a right to substitution of judge in a criminal case under Section 115? I don't see why not. Well, if he wasn't told that he was facing a criminal contempt, how was he supposed to know that he had the right to get a different judge? Well, but that's not one of the requirements under the case law that we cite, though, regarding the procedural protections afforded the sheriff. One of the procedural protections I'm asking you about is, since it was obvious that this particular judge was upset with the sheriff, he had the right, the sheriff had the right to say, you know what? You're charging me with a criminal offense now, and I want a different judge. And I'm telling you this within 10 days of this criminal contempt being put on your calendar. Give me a new judge. Did he ever have the opportunity to do that? He could have had he so chose. Well, again, this gets back to the question of, when did you tell him that somebody was asking for a criminal sanction? And I would say November 2nd of 09, the charges underpinning that motion to hold the sheriff in contempt are identical to that which the court found him to be in contempt for. What did you ask for in your petition, in your motion? Would that the orders for possession be effectuated and that there be a certain fee or cost to compensate SKS for the trouble that they incurred in attempting to effectuate the orders for possession? We're talking about numerous orders for possession. Yeah, but did you ever in your petition use the word criminal contempt? It was never used, Your Honor, but I would have to emphasize, there are no magic words under the case law cited. That's one of the overriding principles. Even the sheriff would agree on that. There are no magic words. There are no magic terms. Basically, the court looks at the intent. The intent was obvious in this case. It was beyond a reasonable doubt, even though, again, she did not use those words. There's no requirement. But what is magical is we look at the whole situation. Correct. That's what's magical. Correct. Absolutely. We only have a couple minutes, so kind of sum it up. Okay, Your Honor. Again, we find this to be a valid criminal contempt order on March 15th that the specific remedy sought, the specific argument made throughout this case is identical to what the court held on March 15th. Again, what's more, the procedural protections that need to be obeyed were, in fact, obeyed. The needed language, to the extent that it can be inferred, and the case law is very clear that the language can be inferred. Even if they don't say so, it can be inferred. Regardless of what anybody deems it, if the intent is clear and there is a rational basis to hold that the intent is clear, then there would be a requirement that the order be upheld. With regard to the fines, again, there was not an explicit. Now, this is one area where there is explicit language. The waiver of a jury trial. In this case, there was no waiver. So the $500 fine is at issue, but again, that does not touch the underlying criminal contempt. The very case cited by the sheriff specifically upholds the criminal contempt. It simply lowers the fine to $500 because, in that case, the magic words were not used, and that is one instance in which they must be used. So we feel that the March 15th order is valid. The sheriff had every opportunity. He knew specifically what the charges were. He knew specifically what was underlying the motion. What was underlying the motion is exactly what the court stated on March 15th. He had every right to appear. He had every right to subpoena witnesses. He had every right to put forth his best defense. And the court found it insufficient. Thank you. Very short rebuttal. Yes, Your Honor. Essentially, what we have here is a civil proceeding, rule to show cause, that was at all times intended to be ruled upon as a motion for rule to show cause. The court itself, the intent of the court itself is clear because on the order the court demanded or the order itself contains the word that this is civil. It's a civil contempt. The charging document where we start from is civil. The remedies sought were civil in nature, which are obviously the eviction to go ahead. However, that had already transpired by the time the motion for rule to show cause was even heard. The entire proceeding from the starting charging document throughout and ending with an order of civil contempt is civil in nature. What the appellee is essentially asking is to resurrect a faulty, wholly insufficient civil contempt order and convert it into magically a criminal contempt order. And we state that the procedural safeguards of due process have not been met. And we're asking that the matter be, that the order be reversed and vacated. With regards to counsel's allusion that fines can or could be lowered to $500, that does not do away with all the other procedural safeguards that were lacking. There was never a finding of willfulness, which is a requirement in this case, that the sheriff willfully and knowingly disregarded a court order. In fact, there was never even a written court order entered as to what the sheriff is supposed to do. The order for possession has continually been extended from August 26 through February 9 through February 26. So the order for possession has always been extended by the court, and the sheriff did evict by February 16, well within the validity stay date of the order of possession. So we're asking that the matter be reversed and vacated. Thank you. Thank you very much for your very interesting case. We'll take it under advisement.